UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SHAROD SLATER, SHAWKISE GOODWIN,   :
STUVON GETHERS, MARK GOODHOPE ,   :            18CV5861
HENRY JONES, TREY BOGLIN and JAMIE   :
WILKINS,   :

                     Plaintiffs,   :         COMPLAINT AND
                          :         DEMAND FOR JURY TRIAL
      - against -   :
                          :              ECF CASE

THE CITY OF NEW YORK, ERIC DYM,   :
MIGUEL FRIAS, ZAIN WOODS, MATTHEW   :
MOZDZIAK,  RONALD CARLOS JUAN, and   :
"JOHN DOE" #1 to 5, all in Their Individual   :
Capacities and in Their Official Capacities,   :
                          :
               Defendants   :
----------------------------------------------------------------x

       Plaintiffs, by their attorneys, MICHELSTEIN & ASHMAN, PLLC, complaining of the

defendants, allege:

## NATURE OF THE ACTION

       1. This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiffs Sharod Slater, Stuvon Gethers, Mark Goodhope, Shawkise Goodwin, Henry Jones, Trey

Boglin and Jamie Wilkins by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution

of the United States, including the Fourth and Fourteenth Amendments.

       2. On July 7, 2015, plaintiffs Sharod Slater, Stuvon Gethers, Mark Goodhope, Shawkise

Goodwin, Henry Jones, Trey Boglin and Jamie Wilkins were present in an outdoor area of the

Mitchel Houses development,  Bronx, New York, when they were searched and arrested without a

warrant by New York City police officers Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak,

Ronald Carlos Juan and "John Doe" #1 to 5 on false criminal charges of Possession of a Gambling

Device, Criminal Trespass in the Third Degree, Trespass, and Loitering, transported to the PSA7 Precinct, where plaintiffs Stuvon Gethers, Mark Goodhope, Shawkise Goodwin, Trey Boglin and Jamie Wilkins were subjected to strip searches, and subsequently transported to Bronx Central Booking, where the plaintiffs were imprisoned until their arraignment on July 9, 2015, when all were released.  The plaintiffs were prosecuted on false criminal charges of Possession of a Gambling Device, Criminal Trespass in the Third Degree, Trespass and Loitering.  The charges against plaintiffs Trey Boglin and Jamie Wilkins were adjourned in contemplation of dismissal and subsequently dismissed.  The charges against plaintiffs Sharod Slater, Stuvon Gethers, Mark Goodhope, Shawkise Goodwin and Henry Jones were dismissed.

3.  The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, upon information and belief, defendants Miguel Frias and Zain Woods can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6.  Plaintiff Sharod Slater is an African-American citizen of the United States who resides

in the County of  Bronx, City and State of New York.

7. Plaintiff Shawkise Goodwin is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Stuvon Gethers is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

9. Plaintiff Mark Goodhope is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

10. Plaintiff Henry Jones is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

11. Plaintiff Trey Boglin is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

12. Plaintiff Jamie Wilkins is an African-American citizen of the United States who resides in the County of Bronx, City and State of New York.

13. Each of the plaintiffs was between the ages of 16 and 27 at the time of the events which are the subject of this action.

14. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

15. At all times relevant herein, defendant The City of New York maintained a police department.

16. Defendant Eric Dym is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer with the rank of lieutenant.

17. At all times relevant herein, defendant Eric Dym was acting within the scope of his employment by defendant The City of New York.

18.  Defendant Miguel Frias is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

19.  At all times relevant herein, defendant Miguel Frias was acting within the scope of his employment by defendant The City of New York.

20.  Defendant Zain Woods is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

21.  At all times relevant herein, defendant Zain Woods was acting within the scope of his employment by defendant The City of New York.

22.  Defendant Matthew Mozdziak is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

23.  At all times relevant herein, defendant Matthew Mozdziak was acting within the scope of his employment by defendant The City of New York.

24.  Defendant Ronald Carlos Juan is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

25.  At all times relevant herein, defendant Ronald Carlos Juan was acting within the scope of his employment by defendant The City of New York.

26.  Defendants "John Doe" #1 to 5 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

27.  At all times relevant herein, defendants "John Doe" #1 to 5 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

28.  Plaintiffs incorporate by reference paragraphs 1 through 27 of this complaint as though the same were set forth fully herein.

29. On July 7, 2015, plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones, Trey Boglin and Jamie Wilkins were lawfully present in an area located between two buildings of the Mayor John Purroy Mitchel Houses in the borough of the Bronx, City and State of New York.

30. At the time of the events related herein, numerous other individuals also were present in the area between the same two buildings.

31. On July 7, 2015, in an area between two buildings of the Mayor John Purroy Mitchel Houses in the borough of the Bronx, City and State of New York, defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 arrested plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones, Trey Boglin and Jamie Wilkins on charges of Possession of a Gambling Device, Criminal Trespass in the Third Degree, Trespass and Loitering.

32. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Sharod Slater.

33. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Shawkise Goodwin.

34. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Stuvon Gethers.

35. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of

plaintiff Mark Goodhope.

36. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Henry Jones.

37. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Trey Boglin.

38. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 did not have a warrant or other legal process authorizing the arrest of plaintiff Jamie Wilkins.

39. The charges on which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 arrested plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones, Trey Boglin and Jamie Wilkins were false.

40. None of the plaintiffs was in possession of a gambling device.

41. None of the plaintiffs was trespassing in the area between the two buildings of the Mayor John Purroy Mitchel Houses.

42. Each of the plaintiffs was either a resident of the Mayor John Purroy Mitchel Houses or the guest of a resident of the Mayor John Purroy Mitchel Houses.

43. None of the plaintiffs was using a gambling device or loitering for the purpose of gambling.

44. Plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones, Trey Boglin and Jamie Wilkins were transported to the PSA7 precinct, where they were imprisoned.

45. At the PSA7 precinct, plaintiff Stuvon Gethers was subjected to a strip search in which he was required to lower his pants and underwear and to submit to a visual cavity search.

46. At the PSA7 precinct, plaintiff Shawkise Goodwin was subjected to a strip search in which he was required to lower his pants and underwear and to submit to a visual cavity search.

47. At the PSA7 precinct, plaintiff Mark Goodhope was subjected to a strip search in which he was required to lower his pants and underwear and to submit to a visual cavity search.

48. At the PSA7 precinct, plaintiff Trey Boglin was subjected to a strip search in which he was required to lower his pants and underwear and to submit to a visual cavity search.

49. At the PSA7 precinct, plaintiff Jamie Wilkins was subjected to a search in which he was required to lower his pants.

50. Plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones, Trey Boglin and Jamie Wilkins were subsequently transported to Bronx Central Booking, where they continued to be imprisoned.

51. On information and belief, on July 8, 2015, defendant Zain Woods falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiffs Sharod Slater and Shawkise Goodwin had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

52. On July 8, 2015, defendant Zain Woods, acting at the request and on behalf of defendant Miguel Frias, initiated a criminal proceeding against plaintiffs Sharod Slater and Shawkise Goodwin in the Criminal Court of the City of New York, County of Bronx, under docket numbers 2015BX031239 and 2015BX031240, accusing these plaintiffs of the crimes of Possession of a

Gambling Device and Criminal Trespass in the Second Degree, and the violations of Trespass and Loitering.

53. On information and belief, on July 8, 2015, defendant Matthew Mozdziak falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiffs Stuvon Gethers and Mark Goodhope had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

54. On July 8, 2015, defendant Matthew Mozdziak, acting at the request and on behalf of defendant Miguel Frias, initiated a criminal proceeding against plaintiffs Stuvon Gethers and Mark Goodhope in the Criminal Court of the City of New York, County of Bronx, under docket numbers 2015BX031280 and 2015BX031281 accusing these plaintiffs of the crimes of Possession of a Gambling Device and Criminal Trespass in the Second Degree, and the violations of Trespass and Loitering.

55. On July 8, 2015, defendant Matthew Mozdziak falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Henry Jones had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M.", and that plaintiff Henry Jones had resisted arrest by flailing his arms, kicking his legs, twisting his body to avoid being handcuffed.

56. On July 8, 2015, defendant Matthew Mozdziak, acting at the request and on behalf of defendant Eric Dym, initiated a criminal proceeding against plaintiff Henry Jones in the Criminal Court of the City of New York, County of Bronx, under docket number 2015BX031282 accusing

this plaintiff of the crimes of Resisting Arrest, Possession of a Gambling Device, Criminal Trespass in the Second Degree, and Resisting Arrest, and the violations of Trespass and Loitering.

57.    On July 9, 2015, plaintiff Jamie Wilkins was arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, the charges against him were adjourned in contemplation of dismissal, and he was released from custody.

58.    On July 9, 2015, plaintiffs Sharod Slater, Shawkise Goodwin, Stuvon Gethers, Mark Goodhope, Henry Jones and Trey Boglin were arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, and released in their own recognizance.

59.    On September 23, 2015, the charges against plaintiffs Sharod Slater and Shawkise Goodwin were dismissed.

60.    On October 9, 2015, the charges against plaintiff Stuvon Gethers were dismissed.

61.    On October 9, 2015, the charges against plaintiff Henry Jones were dismissed.

62.    On October 30, 2015, the charges against plaintiff Mark Goodhope were dismissed.

## COUNT ONE ON BEHALF OF SHAROD SLATER
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

63.    Plaintiffs incorporate by reference paragraphs 1 through 62 of this complaint as though the same were set forth fully herein.

64.    The seizure, arrest, and imprisonment of plaintiff Sharod Slater by defendants eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

65.    The seizure, detention, arrest, and imprisonment of plaintiff Sharod Slater were made without probable cause to believe that he had committed a crime or offense.

66. The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Sharod Slater were false.

67. The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Sharod Slater with knowledge that they were false.

68. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Sharod Slater and/or could have intervened to stop the arrest.

69. Plaintiff Sharod Slater was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

70. Plaintiff Sharod Slater did not consent to his seizure, arrest or imprisonment.

71. As a result of the foregoing, plaintiff Sharod Slater was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

72. The seizure, arrest and imprisonment of plaintiff Sharod Slater deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

73. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Sharod Slater.

74. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Sharod Slater of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution

of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Sharod Slater on false criminal charges.

**COUNT TWO ON BEHALF OF SHAROD SLATER**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

75.  Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76.  The charges brought by defendants Zain Woods and Miguel Frias against plaintiff Sharod Slater in the Criminal Court of the City of New York, County of Bronx, were false.

77.  Defendants Zain Woods and Miguel Frias instituted the criminal proceeding against plaintiff Sharod Slater with knowledge that the charges were false.

78.  Defendants Zain Woods and Miguel Frias instituted the criminal proceeding against plaintiff Sharod Slater without probable cause to believe that plaintiff Sharod Slater had committed the offenses charged.

79.  Defendants Zain Woods and Miguel Frias were acting with malice when they commenced the criminal proceeding against plaintiff Sharod Slater.

80.  The criminal proceeding instituted by defendants Zain Woods and Miguel Frias against plaintiff Sharod Slater was terminated in plaintiff Sharod Slater's favor.

81.  Defendant Miguel Frias was acting under color of state law when he requested defendant Zain Woods to institute a criminal proceeding against plaintiff Sharod Slater in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

82. Defendant Zain Woods was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Sharod Slater had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

83. Defendants Miguel Frias and Zain Woods were acting under color of state law when they commenced a criminal proceeding against plaintiff Sharod Slater in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Sharod Slater of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

84. Defendants Miguel Frias and Zain Woods deprived plaintiff Sharod Slater of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Sharod Slater on false criminal charges.

85. As a result of the criminal proceeding instituted by defendants Miguel Frias and Zain Woods, plaintiff Sharod Slater suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT THREE ON BEHALF OF SHAROD SLATER
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

86. Plaintiff incorporates by reference paragraphs 1 through 85 of this Complaint as though the same were set forth fully herein.

87. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual

and/or apparent authority attendant thereto.

88.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

89.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, searching and arresting individuals, without a basis to believe they had engaged, were engaging or were about to engage in criminal activity, in violation of the Fourth Amendment of the Constitution of the United States.

90.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, searching and arresting young African-American men on the basis of their race and age in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

91.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decisions of the Court dated March 28, 2013 in *Davis v. City of New York*, 959 F.Supp.2d 324 (S.D.N.Y.) and the decision of the Court dated August 12, 2013 in *Floyd v. The City of New York*, 959 F.Supp. 540 (S.D.N.Y.).

92.   The adoption of a policy, practice and/or custom of stopping, searching and arresting young African-American men without a basis to believe they had engaged, were engaging or were about to engage in criminal activity constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

93.   The adoption of a policy, practice and/or custom of stopping, searching and arresting individuals on the basis of their race and age constituted deliberate indifference to the rights of

persons with whom its police officers come into contact.

94. The stop, search and arrest of plaintiff Sharod Slater on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

95. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

96. Defendant The City of New York deprived plaintiff Sharod Slater of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping,  searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT FOUR ON BEHALF OF SHAROD SLATER
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

97. Plaintiff s incorporate by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting residents of New York City Housing Authority developments and their guests for trespass in areas of the developments during certain hours without sufficiently conspicuous rules and notices to provide adequate notice that access to the area is prohibited.

99. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decision of the Court dated March 28, 2013 in *Davis v. City of New York*, 959 F.Supp.2d 324 (S.D.N.Y.).

100. The adoption of a policy, practice and/or custom of arresting individuals for trespass without sufficiently conspicuous rules and notices to provide adequate notice that access to the area is prohibited constituted deliberate indifference to the Fourth Amendment rights of persons with whom its police officers come into contact.

101. The arrest of plaintiff Sharod Slater on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or custom of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

102. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

103. Defendant The City of New York deprived plaintiff Sharod Slater of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42

U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

## COUNT FIVE ON BEHALF OF SHAROD SLATER
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

104.   Plaintiffs incorporate by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105.   Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

106.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

107.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

108.   Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

109.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Sharod Slater would be violated.

110.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Sharod Slater.

111.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

112.  Defendant The City of New York deprived plaintiff Sharod Slater of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest of plaintiff Sharod Slater on a false criminal charge on July 7, 2015.

## COUNT SIX ON BEHALF OF SHAWKISE GOODWIN
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

113.  Plaintiffs incorporate by reference paragraphs 1 through 112 of this complaint as though the same were set forth fully herein.

114. The seizure, arrest, and imprisonment of plaintiff Shawkise Goodwin by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1

to 5 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

115.  The seizure, arrest, and imprisonment of plaintiff Shawkise Goodwin were made without probable cause to believe that he had committed a crime or offense.

116.  The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Shawkise Goodwin were false.

117.  The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Shawkise Goodwin with knowledge that they were false.

118.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Shawkise Goodwin and/or could have intervened to stop the arrest.

119.  Plaintiff Shawkise Goodwin was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

120.  Plaintiff Shawkise Goodwin did not consent to his seizure, arrest or imprisonment.

121.  As a result of the foregoing, plaintiff Shawkise Goodwin was deprived of his liberty,  imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

122.  The seizure, arrest and imprisonment of plaintiff Shawkise Goodwin deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

123. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Shawkise Goodwin.

124. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Shawkise Goodwin on false criminal charges.

## COUNT SEVEN ON BEHALF OF SHAWKISE GOODWIN
### BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

125. Plaintiffs incorporate by reference paragraphs 1 through 124 of this complaint as though the same were set forth fully herein.

126. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 lacked a factual basis to support a reasonable suspicion that plaintiff Shawkise Goodwin had evidence or contraband concealed inside a body cavity.

127. The body cavity search of plaintiff Shawkise Goodwin conducted at the PSA7 Precinct deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

128. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional visual body cavity search of plaintiff Shawkise Goodwin and/or could have intervened to stop the search.

129.  Plaintiff Shawkise Goodwin suffered anxiety, embarrassment, humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

130.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they conducted a visual cavity search of plaintiff Shawkise Goodwin at the PSA7 Precinct.

131.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Shawkise Goodwin at the PSA7 Precinct.

### COUNT EIGHT ON BEHALF OF SHAWKISE GOODWIN
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

132.  Plaintiff incorporates by reference paragraphs 1 through 131 of this Complaint as though the same were set forth fully herein.

133.  The charges brought by defendants Zain Woods and Miguel Frias against plaintiff Shawkise Goodwin in the Criminal Court of the City of New York, County of Bronx, were false.

134.  Defendants Zain Woods and Miguel Frias instituted the criminal proceeding against plaintiff Shawkise Goodwin with knowledge that the charges were false.

135.  Defendants Zain Woods and Miguel Frias instituted the criminal proceeding against plaintiff Shawkise Goodwin without probable cause to believe that plaintiff Shawkise Goodwin had committed the offenses charged.

136.  Defendants Zain Woods and Miguel Frias were acting with malice when they commenced the criminal proceeding against plaintiff Shawkise Goodwin.

137.  The criminal proceeding instituted by defendants Zain Woods and Miguel Frias against plaintiff Shawkise Goodwin was terminated in plaintiff Shawkise Goodwin's favor.

138.  Defendant Miguel Frias was acting under color of state law when he requested defendant Zain Woods to institute a criminal proceeding against plaintiff Shawkise Goodwin in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

139.  Defendant Zain Woods was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Shawkise Goodwin had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

140.  Defendants Miguel Frias and Zain Woods were acting under color of state law when they commenced a criminal proceeding against plaintiff Shawkise Goodwin in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Shawkise Goodwin of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

141.  Defendants Miguel Frias and Zain Woods deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Shawkise Goodwin on false criminal charges.

142.  As a result of the criminal proceeding instituted by defendants Miguel Frias and

Zain Woods, plaintiff Shawkise Goodwin suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT NINE ON BEHALF OF SHAWKISE GOODWIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

143. Plaintiff incorporates by reference paragraphs 1 through 142 of this Complaint as though the same were set forth fully herein.

144. The stop, search and arrest of plaintiff Shawkise Goodwin on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

145. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

146. Defendant The City of New York deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT TEN ON BEHALF OF SHAWKISE GOODWIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

147.   Plaintiff s incorporate by reference paragraphs 1 through 146 of this Complaint as though the same were set forth fully herein.

148.   The arrest of plaintiff Shawkise Goodwin on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or custom of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

149.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

150.   Defendant The City of New York deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

## COUNT ELEVEN ON BEHALF OF SHAWKISE GOODWIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

151.   Plaintiffs incorporate by reference paragraphs 1 through 150 this Complaint as though the same were set forth fully herein.

152.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons charged with crimes in violation of the Fourth Amendment of the Constitution of the United States.

153.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence or contraband concealed within a body cavity.

154.   The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

   (a)   Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to visual cavity searches;

   (b)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

   (c)   Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that visual cavity searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity;

   (d)   Defendant The City of New York failed to discipline police officers for performing visual cavity searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity.

155.   The visual cavity search to which plaintiff Shawkise Goodwin was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

156.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of

individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

157.  Defendant The City of New York deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

## COUNT TWELVE ON BEHALF OF SHAWKISE GOODWIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

158.  Plaintiffs incorporate by reference paragraphs 1 through 157 of this Complaint as though the same were set forth fully herein.

159.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

160.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Shawkise Goodwin would be violated.

161.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Shawkise Goodwin.

162.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

163.   Defendant The City of New York deprived plaintiff Shawkise Goodwin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest on of plaintiff Shawkise Goodwin on false criminal charges on July 7, 2015.

**COUNT THIRTEEN ON BEHALF OF STUVON GETHERS**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

164.   Plaintiffs incorporate by reference paragraphs 1 through 163 of this complaint as though the same were set forth fully herein.

165.   The seizure, arrest, and imprisonment of plaintiff Stuvon Gethers by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

166.   The seizure, arrest, and imprisonment of plaintiff Stuvon Gethers were made without probable cause to believe that he had committed a crime or offense.

167. The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Stuvon Gethers were false.

168.   The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7 against plaintiff Stuvon Gethers with knowledge that they were false.

169.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Stuvon Gethers and/or could have intervened to stop the arrest.

170.   Plaintiff Stuvon Gethers was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 7.

171.   Plaintiff Stuvon Gethers did not consent to his seizure, arrest or imprisonment.

172.   As a result of the foregoing, plaintiff Stuvon Gethers was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

173.   The seizure, arrest and imprisonment of plaintiff Stuvon Gethers deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

174.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Stuvon Gethers.

175.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Stuvon Gethers on false criminal charges.

## COUNT FOURTEEN ON BEHALF OF STUVON GETHERS
## BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

176.   Plaintiffs incorporate by reference paragraphs 1 through 175 of this complaint as though the same were set forth fully herein.

177.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 lacked a factual basis to support a reasonable suspicion that plaintiff Stuvon Gethers had evidence or contraband concealed inside a body cavity.

178.   The body cavity search of plaintiff Stuvon Gethers conducted at the PSA7 Precinct deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

179.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional visual body cavity search of plaintiff Stuvon Gethers and/or could have intervened to stop the search.

180.   Plaintiff Stuvon Gethers suffered anxiety, embarrassment, humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

181.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they conducted a visual cavity search of plaintiff Stuvon Gethers at the PSA7 Precinct.

182.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Stuvon Gethers at the PSA7 Precinct.

## COUNT FIFTEEN ON BEHALF OF STUVON GETHERS
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

183.  Plaintiff incorporates by reference paragraphs 1 through 182 of this Complaint as though the same were set forth fully herein.

184.  The charges brought by defendants Matthew Mozdziak and Miguel Frias against plaintiff Stuvon Gethers in the Criminal Court of the City of New York, County of Bronx, were false.

185.  Defendants Matthew Mozdziak and Miguel Frias instituted the criminal proceeding against plaintiff Stuvon Gethers with knowledge that the charges were false.

186.  Defendants Matthew Mozdziak and Miguel Frias instituted the criminal proceeding against plaintiff Stuvon Gethers without probable cause to believe that plaintiff Stuvon Gethers had committed the offenses charged.

187.  Defendants Matthew Mozdziak and Miguel Frias were acting with malice when they commenced the criminal proceeding against plaintiff Stuvon Gethers.

188.  The criminal proceeding instituted by defendants Matthew Mozdziak and Miguel Frias against plaintiff Stuvon Gethers was terminated in plaintiff Stuvon Gethers' favor.

189.  Defendant Miguel Frias was acting under color of state law when he requested defendant Matthew Mozdziak to institute a criminal proceeding against plaintiff Stuvon Gethers in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes of  Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

190.  Defendant Matthew Mozdziak was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that

plaintiff Stuvon Gethers had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

191.  Defendants Miguel Frias and Matthew Mozdziak were acting under color of state law when they commenced a criminal proceeding against plaintiff Stuvon Gethers in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Stuvon Gethers of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

192.  Defendants Miguel Frias and Matthew Mozdziak deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Stuvon Gethers on false criminal charges.

193.  As a result of the criminal proceeding instituted by defendants Miguel Frias and Matthew Mozdziak, plaintiff Stuvon Gethers suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT SIXTEEN ON BEHALF OF STUVON GETHERS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

194.  Plaintiffs incorporate by reference paragraphs 1 through 193 of this Complaint as though the same were set forth fully herein.

195. The stop, search and arrest of plaintiff Stuvon Gethers on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or

were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

196.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

197.   Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping,  searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT SEVENTEEN ON BEHALF OF STUVON GETHERS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

198.   Plaintiff incorporates by reference paragraphs 1 through 197 of this Complaint as though the same were set forth fully herein.

199.   The arrest of plaintiff Stuvon Gethers on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or customs of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

200.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

201.  Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

## COUNT EIGHTEEN ON BEHALF OF STUVON GETHERS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

202.  Plaintiff incorporates by reference paragraphs 1 through 201 of this Complaint as though the same were set forth fully herein.

203.  The visual cavity search to which plaintiff Stuvon Gethers was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

204.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

205.  Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth  and

Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

**COUNT NINETEEN ON BEHALF OF STUVON GETHERS**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

206.  Plaintiff incorporates by reference paragraphs 1 through 205 of this Complaint as though the same were set forth fully herein.

207.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

208.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Stuvon Gethers would be violated.

209.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Stuvon Gethers.

210.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

211.   Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT TWENTY ON BEHALF OF MARK GOODHOPE
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

212.   Plaintiffs incorporate by reference paragraphs 1 through 211 of this complaint as though the same were set forth fully herein.

213.   The seizure, arrest, and imprisonment of plaintiff Mark Goodhope by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

214.   The seizure, arrest, and imprisonment of plaintiff Mark Goodhope were made without probable cause to believe that he had committed a crime or offense.

215.   The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Mark Goodhope were false.

216.   The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Mark Goodhope with knowledge that they were false.

217.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Mark

Goodhope and/or could have intervened to stop the arrest.

218.  Plaintiff Mark Goodhope was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

219.  Plaintiff Mark Goodhope did not consent to his seizure, arrest or imprisonment.

220.  As a result of the foregoing, plaintiff Mark Goodhope was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

221.  The seizure, arrest and imprisonment of plaintiff Mark Goodhope deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

222.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Mark Goodhope.

223.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Mark Goodhope on false criminal charges.

## COUNT TWENTY-ONE ON BEHALF OF MARK GOODHOPE
## BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

224.  Plaintiffs incorporate by reference paragraphs 1 through 223 of this complaint as though the same were set forth fully herein.

225.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 lacked a factual basis to support a reasonable suspicion that plaintiff Mark Goodhope had evidence or contraband concealed inside a body cavity.

226.  The body cavity search of plaintiff Mark Goodhope conducted at the PSA7 Precinct deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

227.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional visual body cavity search of plaintiff Mark Goodhope and/or could have intervened to stop the search.

228.  Plaintiff Mark Goodhope suffered anxiety, embarrassment, humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

229.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they conducted a visual cavity search of plaintiff Mark Goodhope at the PSA7 Precinct.

230.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Mark Goodhope at the PSA7 Precinct.

## COUNT TWENTY-TWO ON BEHALF OF MARK GOODHOPE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

231.  Plaintiff incorporates by reference paragraphs 1 through 230 of this Complaint as though the same were set forth fully herein.

232.  The charges brought by defendants Matthew Mozdziak and Miguel Frias against plaintiff Mark Goodhope in the Criminal Court of the City of New York, County of Bronx, were false.

233.  Defendants Matthew Mozdziak and Miguel Frias instituted the criminal proceeding against plaintiff Mark Goodhope with knowledge that the charges were false.

234.  Defendants Matthew Mozdziak and Miguel Frias instituted the criminal proceeding against plaintiff Sharod Slater without probable cause to believe that plaintiff Mark Goodhope had committed the offenses charged.

235.  Defendants Matthew Mozdziak and Miguel Frias were acting with malice when they commenced the criminal proceeding against plaintiff Mark Goodhope.

236.  The criminal proceeding instituted by defendants Matthew Mozdziak and Miguel Frias against plaintiff Mark Goodhope was terminated in plaintiff Mark Goodhope's favor.

237.  Defendant Miguel Frias was acting under color of state law when he requested defendant Matthew Mozdziak to institute a criminal proceeding against plaintiff Mark Goodhope in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes of  Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

238.  Defendant Matthew Mazdziak was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Mark Goodhope had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M."

239.  Defendants Miguel Frias and Matthew Mozdziak were acting under color of state law when they commenced a criminal proceeding against plaintiff Mark Goodhope in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Mark Goodhope of the crimes of Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

240.  Defendants Miguel Frias and Matthew Mozdziak deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Mark Goodhope on false criminal charges.

241.  As a result of the criminal proceeding instituted by defendants Miguel Frias and Matthew Mozdziak, plaintiff Mark Goodhope suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT TWENTY-THREE ON BEHALF OF MARK GOODHOPE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

242.  Plaintiffs incorporate by reference paragraphs 1 through 241 of this Complaint as though the same were set forth fully herein.

243.  The stop, search and arrest of plaintiff Mark Goodhope on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

244.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

245.  Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping,  searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

### COUNT TWENTY-FOUR ON BEHALF OF MARK GOODHOPE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

246.  Plaintiff incorporates by reference paragraphs 1 through 245 of this Complaint as though the same were set forth fully herein.

247.  The arrest of plaintiff Mark Goodhope on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or customs of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

248.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass

without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

249.   Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

### COUNT TWENTY-FIVE ON BEHALF OF MARK GOODHOPE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

250.   Plaintiff incorporates by reference paragraphs 1 through 249 this Complaint as though the same were set forth fully herein.

251.   The visual cavity search to which plaintiff Mark Goodhope was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

252.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

253.   Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States, under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of

performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

### COUNT TWENTY-SIX ON BEHALF OF MARK GOODHOPE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

254. Plaintiff incorporates by reference paragraphs 1 through 253 of this Complaint as though the same were set forth fully herein.

255. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

256. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Mark Goodhope would be violated.

257. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Mark Goodhope.

258. Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to

investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TWENTY-SEVEN ON BEHALF OF HENRY JONES
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

259.  Plaintiffs incorporate by reference paragraphs 1 through 258 of this complaint as though the same were set forth fully herein.

260.  The seizure, arrest, and imprisonment of plaintiff Henry Jones by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

261.  The seizure, arrest, and imprisonment of plaintiff Henry Jones were made without probable cause to believe that he had committed a crime or offense.

262.  The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Henry Jones were false.

263.  The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Henry Jones with knowledge that they were false.

264.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Henry Jones and/or could have intervened to stop the arrest.

265.  Plaintiff Henry Jones was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

266.  Plaintiff Henry Jones did not consent to his seizure, arrest or imprisonment.

267.  As a result of the foregoing, plaintiff Henry Jones was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

268.  The seizure, arrest and imprisonment of plaintiff Henry Jones deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

269.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Henry Jones.

270.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Henry Jones of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Henry Jones on false criminal charges.

**COUNT TWENTY-EIGHT ON BEHALF OF HENRY JONES**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

271.  Plaintiff incorporates by reference paragraphs 1 through 270 of this Complaint as though the same were set forth fully herein.

272.  The charges brought by the defendants Matthew Mozdziak and Eric Dym against plaintiff Henry Jones in the Criminal Court of the City of New York, County of Bronx, were false.

273.  Defendants Matthew Mozdziak and Eric Dym instituted the criminal proceeding against plaintiff Henry Jones with knowledge that the charges were false.

274. Defendants Matthew Mozdziak and Eric Dym instituted the criminal proceeding against plaintiff Henry Jones without probable cause to believe that plaintiff Henry Jones had committed the offenses charged.

275. Defendants Matthew Mozdziak and Eric Dym were acting with malice when they commenced the criminal proceeding against plaintiff Henry Jones.

276. The criminal proceeding instituted by the defendants against plaintiff Henry Jones was terminated in plaintiff Henry Jones's favor.

277. Defendant Matthew Mozdziak was acting under color of state law when they falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiff Henry Jones had been observed throwing dice against the ground and exchanging sums of money at approximately 11:00 p.m. in an area totally enclosed by a fence with a conspicuously posted sign indicating "PARK CLOSES AT 9:30 P.M.", and that he had resisted arrest.

278. Defendants Matthew Mozdziak and Eric Dym were acting under color of state law when they commenced a criminal proceeding against plaintiff Henry Jones in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Henry Jones of the crimes of Resisting Arrest, Possession of a Gambling Device and Criminal Trespass, and the violations of Trespass and Loitering.

279. Defendants Matthew Mozdziak and Eric Dym deprived plaintiff Henry Jones of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Henry Jones on false criminal charges.

280.  As a result of the criminal proceeding instituted by the defendants, plaintiff Henry Jones suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

### COUNT TWENTY-NINE ON BEHALF OF HENRY JONES
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

281.  Plaintiffs incorporate by reference paragraphs 1 through 280 of this Complaint as though the same were set forth fully herein.

282.  The stop, search and arrest of plaintiff Henry Jones on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

283.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

284.  Defendant The City of New York deprived plaintiff Henry Jones of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping, searching and arresting people without a basis to believe they had engaged, were

engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT THIRTY ON BEHALF OF HENRY JONES
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

285. Plaintiff incorporates by reference paragraphs 1 through 284 of this Complaint as though the same were set forth fully herein.

286. The arrest of plaintiff Henry Jones on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or customs of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

287. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

288. Defendant The City of New York deprived plaintiff Henry Jones of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

## COUNT THIRTY-ONE ON BEHALF OF HENRY JONES
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

289. Plaintiff incorporates by reference paragraphs 1 through 288 of this Complaint as though the same were set forth fully herein.

290.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

291.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Henry Jones would be violated.

292.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Henry Jones.

293.   Defendant The City of New York deprived plaintiff Henry Jones of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT THIRTY-TWO ON BEHALF OF TREY BOGLIN
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

294.   Plaintiffs incorporate by reference paragraphs 1 through 293 of this complaint as though the same were set forth fully herein.

295.   The seizure, arrest, and imprisonment of plaintiff Trey Boglin by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5

were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

296.   The seizure, arrest, and imprisonment of plaintiff Trey Boglin were made without probable cause to believe that he had committed a crime or offense.

297.   The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Trey Boglin were false.

298.   The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Trey Boglin with knowledge that they were false.

299.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Trey Boglin and/or could have intervened to stop the arrest.

300.   Plaintiff Trey Boglin was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

301.   Plaintiff Trey Boglin did not consent to his seizure, arrest or imprisonment.

302.   As a result of the foregoing, plaintiff Trey Boglin was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

303.   The seizure, arrest and imprisonment of plaintiff Trey Boglin deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

304.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested

and imprisoned plaintiff Trey Boglin.

305. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Trey Boglin on false criminal charges.

## COUNT THIRTY-THREE ON BEHALF OF TREY BOGLIN
## BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

306. Plaintiffs incorporate by reference paragraphs 1 through 305 of this complaint as though the same were set forth fully herein.

307. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 lacked a factual basis to support a reasonable suspicion that plaintiff Trey Boglin had evidence or contraband concealed inside a body cavity.

308. The body cavity search of plaintiff Trey Boglin conducted at the PSA7 Precinct deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

309. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional visual body cavity search of plaintiff Trey Boglin and/or could have intervened to stop the search.

310. Plaintiff Trey Boglin suffered anxiety, embarrassment, humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

311. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they conducted a

visual cavity search of plaintiff Trey Boglin at the PSA7 Precinct.

312.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Trey Boglin at the PSA7 Precinct.

### COUNT THIRTY-FOUR ON BEHALF OF TREY BOGLIN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

313.   Plaintiffs incorporate by reference paragraphs 1 through 312 of this Complaint as though the same were set forth fully herein.

314.   The stop, search and arrest of plaintiff Trey Boglin on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

315.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

316.   Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of

state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT THIRTY-FIVE ON BEHALF OF TREY BOGLIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

317. Plaintiff incorporates by reference paragraphs 1 through 316 of this Complaint as though the same were set forth fully herein.

318. The arrest of plaintiff Trey Boglin on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or customs of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

319. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

320. Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

### COUNT THIRTY-SIX ON BEHALF OF TREY BOGLIN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

321. Plaintiff incorporates by reference paragraphs 1 through 320 this Complaint as though the same were set forth fully herein.

322. The visual cavity search to which plaintiff Trey Boglin was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

323. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

324. Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States, under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

### COUNT THIRTY-SEVEN ON BEHALF OF TREY BOGLIN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

325. Plaintiff incorporates by reference paragraphs 1 through 324 of this Complaint as though the same were set forth fully herein.

326. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

327. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Trey Boglin would be violated.

328. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Trey Boglin.

329. Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT THIRTY-EIGHT ON BEHALF OF JAMIE WILKINS
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

330. Plaintiffs incorporate by reference paragraphs 1 through 329 of this complaint as though the same were set forth fully herein.

331. The seizure, arrest, and imprisonment of plaintiff Jamie Wilkins by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

332. The seizure, arrest, and imprisonment of plaintiff Jamie Wilkins were made without probable cause to believe that he had committed a crime or offense.

333. The charges upon which defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 arrested plaintiff Jamie Wilkins were false.

334. The charges were made by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 against plaintiff Jamie Wilkins with knowledge that they were false.

335. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional arrest of plaintiff Jamie Wilkins and/or could have intervened to stop the arrest.

336. Plaintiff Jamie Wilkins was aware of his seizure, arrest and imprisonment by defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5.

337. Plaintiff Jamie Wilkins did not consent to his seizure, arrest or imprisonment.

338. As a result of the foregoing, plaintiff Jamie Wilkins was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

339. The seizure, arrest and imprisonment of plaintiff Jamie Wilkins deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

340. Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they seized, arrested and imprisoned plaintiff Jamie Wilkins.

341.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Jamie Wilkins on false criminal charges.

## COUNT THIRTY-NINE ON BEHALF OF JAMIE WILKINS
## STRIP SEARCH UNDER 42 U.S.C. §1983

342.  Plaintiffs incorporate by reference paragraphs 1 through 341 of this complaint as though the same were set forth fully herein.

343.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 lacked a factual basis to support a reasonable suspicion that plaintiff Jamie Wilkins had evidence or contraband concealed under his clothing.

344.  The strip search of plaintiff Jamie Wilkins conducted at the PSA7 Precinct deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

345.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 acted in concert in the unconstitutional strip search of plaintiff Jamie Wilkins and/or could have intervened to stop the search.

346.  Plaintiff Jamie Wilkins suffered anxiety, embarrassment, humiliation and emotional distress as a result of the strip search conducted by the defendants.

347.  Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 were acting under color of state law when they conducted a strip search of plaintiff Jamie Wilkins at the PSA7 Precinct.

348.   Defendants Eric Dym, Miguel Frias, Zain Woods, Matthew Mozdziak, Ronald Carlos Juan and "John Doe" #1 to 5 deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff Jamie Wilkins at the PSA7 Precinct.

### COUNT FORTY ON BEHALF OF JAMIE WILKINS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

349.   Plaintiffs incorporate by reference paragraphs 1 through 348 of this Complaint as though the same were set forth fully herein.

350.   The stop, search and arrest of plaintiff Jamie Wilkins on July 7, 2015 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping, searching and arresting individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race and age.

351.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

352.   Defendant The City of New York deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom

of stopping, searching and arresting people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping, searching and arresting individuals on the basis of their race and age.

## COUNT FORTY-ONE ON BEHALF OF JAMIE WILKINS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

353. Plaintiff incorporates by reference paragraphs 1 through 352 of this Complaint as though the same were set forth fully herein.

354. The arrest of plaintiff Jamie Wilkins on July 7, 2015 resulted from adoption by defendant The City of New York of a policy, practice and/or customs of arresting individuals in New York City Housing Authority developments for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted.

355. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting people for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to the to certain areas was prohibited or restricted.

356. Defendant The City of New York deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting individuals for criminal trespass without sufficiently conspicuous rules and notices providing adequate notice that access to certain areas was prohibited or restricted

## COUNT FORTY-TWO ON BEHALF OF JAMIE WILKINS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

357. Plaintiff incorporates by reference paragraphs 1 through 356 this Complaint as

though the same were set forth fully herein.

358.  The strip search to which plaintiff Jamie Wilkins was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

359.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed underneath clothing.

360.  Defendant The City of New York deprived plaintiff Jamie Wilkins of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth  and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed underneath their clothing.

### COUNT FORTY-THREE ON BEHALF OF JAMIE WILKINS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

361.  Plaintiff incorporates by reference paragraphs 1 through 360 of this Complaint as though the same were set forth fully herein.

362.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

363.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jamie Wilkins would be violated.

364.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Jamie Wilkins.

365.   Defendant The City of New York deprived plaintiff Jamie Wilkins of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.   Award each plaintiff compensatory damages to be determined by the jury at the time of trial;

B.   Award each plaintiff punitive damages to be determined by the jury at the time of trial;

C.   Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.   Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
      June 28, 2018

                              MICHELSTEIN & ASHMAN, PLLC

                            By:_____S/_____
                                Richard Ashman (RA5389)
                                Attorneys for Plaintiff
                                485 Madison Avenue, 16th Floor
                                New York, New York 10022
                                malaw485@yahoo.com
                                (212) 588-0880